

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
DEC X 4 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

CENTRAL STATES, SOUTHEAST AND )
SOUTHWEST AREAS PENSION FUND, )
and HOWARD McDOUGALL, trustee, )
)
Plaintiffs, )
)
v. )
)
INDUSTRIAL ROOFING COMPANY, INC., )
an Ohio corporation, and D.A.S. OF )
YOUNGSTOWN, L.L.C., an Ohio )
limited liability company, )
)
Defendants. )

Case No.

07CV6829
JUDGE ANDERSEN
MAG. JUDGE COX

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, one of its trustees, for a cause of action against Defendants, Industrial Roofing Company, Inc., an Ohio corporation ("Industrial") and D.A.S. of Youngstown, L.L.C., an Ohio limited liability company ("DAS"), allege as follows:

### JURISDICTION AND VENUE

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §1001 et seq. (1982). This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business in Rosemont, Illinois. Also, venue is proper under the terms of the Pension Fund Trust Agreement.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

5. Plaintiff Howard McDougall is a trustee and fiduciary of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois, 60018.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee, Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7. Industrial is an Ohio corporation.

8. DAS is an Ohio limited liability company.

## CLAIM FOR RELIEF

9. During all times relevant, Industrial was subject to collective bargaining agreements under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

10. Upon information and belief, as of October 29, 2006, Douglas A. Slagle owned at least 80% of the total combined voting power of all classes of stock of Industrial

entitled to vote and/or at least 80% of the total value of shares of all classes of stock of Industrial.

11. Upon information and belief, as of October 29, 2006, Douglas A. Slagle owned at least 80% of the total combined voting power of all classes of stock of DAS entitled to vote and/or at least 80% of the total value of shares of all classes of stock.

12. Industrial and DAS, and all trades or businesses under common control with them (the "Industrial Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), and the regulations promulgated thereunder.

13. The Industrial Controlled Group is the employer for purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

14. The Pension Fund determined that on or about October 29, 2006, Industrial permanently ceased all covered operations under the Pension Fund, and/or permanently ceased to have an obligation to contribute to the Pension Fund, and thereafter, no member of the Industrial Controlled Group was contributing or obligated to contribute to the Pension Fund.

15. Therefore, the Pension Fund determined that the Industrial Controlled Group effected a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

16. On or about August 20, 2007, the Industrial Controlled Group, through Industrial, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2) and 1399(b)(1). The notice and attached invoice notified the employer that its total withdrawal liability was $29,204.99.

17. The notice also notified the employer that pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. §1399(c)(5)(B), payment of the entire $29,204.99 was due immediately.

18. No member of the Industrial Controlled Group timely requested review with respect to the Pension Fund's withdrawal liability determination pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A).

19. No member of the Industrial Controlled Group timely initiated arbitration with respect to the Pension Fund's withdrawal liability determination pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. §1401(b)(1).

20. The Industrial Controlled Group has failed to pay its withdrawal liability assessment and is in default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

WHEREFORE, Plaintiffs request the following relief:

1. A judgment against Defendant, and on behalf of Plaintiffs, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), for --

   (a) $29,204.99 in withdrawal liability;

   (b) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged, compounded annually;

(c) an amount equal to the greater of interest on the past due withdrawal liability payments or liquidated damages of 20% on the past due withdrawal liability payments;

(d) attorney's fees and costs; and

(e) post-judgment interest computed and charged on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth day of the month for which interest is charged, compounded annually.

2. For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*Laura B. Bacon*
Laura B. Bacon
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 3704
ARDC # 6288982
lbacon@centralstatesfunds.org