IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>    Plaintiffs,<br><br>v.<br><br>INDUSTRIAL ROOFING COMPANY, INC., an Ohio corporation, and D.A.S. OF YOUNGSTOWN, L.L.C., an Ohio limited liability company,<br><br>    Defendants. | Case No. 07 C 6829<br><br>District Judge Anderson<br><br>Magistrate Judge Cox |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

NOW COME Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, trustee, by and through their attorneys and hereby submit Plaintiffs' Motion for Summary Judgment. In support of this motion, Plaintiffs state as follows:

1. On December 4, 2007, Plaintiffs filed this action to collect withdrawal liability from Defendants Industrial Roofing Company, Inc. ("Industrial Roofing") and D.A.S. of Youngstown, L.L.C. ("DAS") under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 et seq.

2. Defendants were both served on December 14, 2007.

3. On January 23, 2008, Defendants filed an Answer and Affirmative Defense.

4. As a result of the admissions contained in Defendants' Answer, in conjunction with the evidence presented herein, Plaintiffs are entitled to judgment as a matter of law.

5. Pursuant to Rule 56.1(a)(3) of the Local Rules of the United States District Court for the Northern District of Illinois, Plaintiffs have prepared and attached to this Motion a Statement of Material Facts that establish that the Plaintiffs are entitled to judgment as a matter of law.

6. In support of this Motion, Plaintiffs have submitted a Memorandum in Support of Summary Judgment.

7. Industrial Roofing has at all times relevant been bound by a collective bargaining agreement under which it was required to make contributions to the Pension Fund on behalf of certain of its employees. See Plaintiffs' LR 56.1 Statement of Material Facts ("Pl. SMF") ¶11.

8. Industrial Roofing and D.A.S. of Youngstown, L.L.C. ("DAS") and all trades or businesses under common control with them (the "Industrial Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), and the regulations promulgated thereunder. Pl SMF ¶12.

9. The Industrial Controlled Group is the employer for the purposes of the determination and assessment of withdrawal liability under Title IV of ERISA. Pl. SMF ¶13.

10. On or about October 29, 2006, Industrial Roofing ceased all covered operations under the Pension Fund, and/or permanently ceased to have an obligation to contribute to the Pension Fund, and thereafter, no member of the Industrial Controlled Group was contributing or obligated to contribute to the Pension Fund. Pl. SMF ¶14.

11. Therefore, the Industrial Controlled Group effected a "complete withdrawal" from the Pension Fund within the meaning of Section 4203 of ERISA, 29 U.S.C. §1383. Pl. SMF ¶15.

12. As a result of this complete withdrawal, the Industrial Controlled Group incurred withdrawal liability to the Pension Fund in the amount of $29,204.99 as determined by 29 U.S.C. § 1381(b). Pl. SMF ¶16.

13. On or about August 20, 2007, the Industrial Controlled Group, through Industrial Roofing, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. § 1382(2) and 1399(b)(1). Pl. SMF ¶17.

14. The notice and attached invoice notified the Industrial Controlled Group that pursuant to Section 4219(c)(5)(B) of ERISA, 29 U.S.C. §1399(c)(5)(B), payment of the entire $29,204.99 was due immediately. Pl. SMF ¶18.

15. No member of the Industrial Controlled Group timely requested review with respect to the Pension Fund's withdrawal liability determination pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A). Pl. SMF ¶19.

16. No member of the Industrial Controlled Group timely initiated arbitration with respect to the Pension Fund's withdrawal liability determination pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Pl. SMF ¶20.

17. The Industrial Controlled Group has failed to pay its withdrawal liability assessment and is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5). Pl. SMF ¶21.

18. Pursuant to 29 U.S.C. §1451(b), delinquent withdrawal liability payments, including any penalties assessed therefrom, are to be treated in the same manner as delinquent contributions under 29 U.S.C. §1145. Central States Se. & Sw. Areas Pension Fund v. Slotky, 956 F.2d 1369, 1377 (7th Cir. 1992).

19. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to: delinquent withdrawal liability payments, interest on the delinquent withdrawal liability payments, an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the delinquent withdrawal liability payments, reasonable attorneys' fees and costs, and such other relief the Court deems appropriate. An award of these amounts is mandatory. Central States Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc., 870 F.2d 1148, 1156 (7th Cir. 1989).

20. All trades or businesses under common control are jointly and severally liable for the withdrawal liability incurred by one member of the controlled group.

<u>Central States, Se. & Sw. Areas Pension Fund v. Ditello</u>, 974 F.2d 887, 889 (7th Cir. 1992).

WHEREFORE, the Plaintiffs respectfully request that this Court enter summary judgment in their favor for the withdrawal liability, interest, liquidated damages or doubled interest, and attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(2). Should the Court grant this motion, Plaintiffs will establish these amounts by affidavit at a later date.

Respectfully submitted,

/s/ Laura B. Bacon
Laura B. Bacon
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847)518-9800, Ext. 3704
ARDC No. 6288982
lbacon@centralstatesfunds.org