IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee,<br><br>      Plaintiffs,<br><br>    v.<br><br>INDUSTRIAL ROOFING COMPANY, INC., an Ohio corporation, and D.A.S. OF YOUNGSTOWN, L.L.C., an Ohio limited liability company,<br><br>      Defendants. | Case No. 07 C 6829<br><br>District Judge Andersen<br><br>Magistrate Judge Cox |

**PLAINITIFFS' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

Pursuant to Rule 56.1(a)(3) of the Local Rules for the United States District Court for the Northern District of Illinois, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Howard McDougall, trustee, submit the following Statement of Material Facts as to Which There is No Genuine Issue.

1. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3). (See Affidavit of Andrew Sprau, attached hereto as Exhibit A ("Sprau Affidavit") ¶3.

2. Plaintiff Howard McDougall is a trustee and fiduciary of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section

4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10).  Sprau Affidavit ¶5.

3. The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois, 60018.  Sprau Affidavit ¶4.

4. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee, Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.  Sprau Affidavit ¶6.

5. This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

6. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business in Rosemont, Illinois.

7. Industrial Roofing Company, Inc. ("Industrial Roofing") is an Ohio corporation. See Defendants' Answer ("Answer") ¶7.  Defendants' Answer and Affirmative Defense is attached hereto as Exhibit B.

8. D.A.S. of Youngstown, LLC ("DAS") is an Ohio limited liability company.  Answer ¶8.

9. As of October 29, 2006, Douglas A. Slagle owned at least 80% of the total combined voting power of all classes of stock of Industrial Roofing entitled to vote and/or at least 80% of the total value of shares of all classes of stock of Industrial Roofing.  Answer ¶10.

10. As of October 29, 2006, Douglas A. Slagle owned at least 80% of the total combined voting power of all classes of stock of DAS entitled to vote and/or at least 80% of the total value of shares of all classes of stock of Industrial Roofing. Answer ¶11.

11. During all times relevant, Industrial Roofing was subject to collective bargaining agreements under which it was required to make contributions to the Pension Fund on behalf of certain of its employees. See Answer ¶9 and Sprau Affidavit ¶8.

12. Industrial Roofing and D.A.S. of Youngstown, L.L.C. ("DAS") and all trades or businesses under common control with them (the "Industrial Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), and the regulations promulgated thereunder. Answer ¶¶10-11.

13. The Industrial Controlled Group is the employer for the purposes of the determination and assessment of withdrawal liability under Title IV of ERISA. Sprau Affidavit ¶10.

14. On or about October 29, 2006, Industrial Roofing ceased all covered operations under the Pension Fund, and/or permanently ceased to have an obligation to contribute to the Pension Fund, and thereafter, no member of the Industrial Controlled Group was contributing or obligated to contribute to the Pension Fund. See Defendants' Affirmative Defense, paragraph 2, Sprau Affidavit ¶11, and Statement of Business Affairs ("SOBA") p. 22, Part C, No. 1, attached as Exhibit 1 to Sprau Affidavit.

15. Therefore, the Industrial Controlled Group effected a "complete withdrawal"

from the Pension Fund within the meaning of Section 4203 of ERISA, 29 U.S.C. §1383. Sprau Affidavit ¶12.

16. As a result of this complete withdrawal, the Industrial Controlled Group incurred withdrawal liability to the Pension Fund in the amount of $29,204.99 as determined by 29 U.S.C. § 1381(b). Sprau Affidavit ¶13.

17. On or about August 20, 2007, Industrial Roofing received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. § 1382(2) and 1399(b)(1). See Answer ¶16, Sprau Affidavit ¶16, Notice and Demand and corresponding UPS Delivery confirmation are attached as Exhibits 2 and 3 to Sprau Affidavit.

18. The notice and attached invoice notified the Industrial Controlled Group that pursuant to Section 4219(c)(5)(B) of ERISA, 29 U.S.C. §1399(c)(5)(B), payment of the entire $29,204.99 was due immediately. See Answer ¶¶16-17 and Sprau Affidavit ¶17.

19. No member of the Industrial Controlled Group timely requested review with respect to the Pension Fund's withdrawal liability determination pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A). See Answer ¶18 and Sprau Affidavit ¶18.

20. No member of the Industrial Controlled Group timely initiated arbitration with respect to the Pension Fund's withdrawal liability determination pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). See Answer ¶19 and Sprau Affidavit ¶19.

21. The Industrial Controlled Group has failed to pay its withdrawal liability assessment and is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5). See Answer ¶20 and Sprau Affidavit ¶20.

22. On or about July 31, 2007, Mr. Douglas A. Slagle, President of Defendant Industrial Roofing Company, an Ohio corporation ("Industrial Roofing") completed and signed a Statement of Business Affairs as required by ERISA Section 4219(a), 29 U.S.C. §1399(a). See SOBA, p. 28.

23. Mr. Slagle completed the Statement of Business Affairs on behalf of Industrial Roofing, which was designated as the Reporting Business. See SOBA, p. 2.

24. This Statement of Business Affairs was signed and certified by Mr. Slagle, stating as follows: By signing this Statement of Business Affairs, I certify that I have the authority to answer this questionnaire on behalf of Respondent, and that the Statement of Business Affairs, with its attachments, were prepared under my supervision after diligent inquiry, and are true and correct to the best of my knowledge and belief. See SOBA, p. 28.

25. The principal service performed by the employees of Industrial Roofing was "delivering material and equipment to job sites." See SOBA, p. 27, Part D, No. 1.

26. Employees of Industrial Roofing spent 100% of their time transporting construction materials and/or equipment between Industrial Roofing's place of business and construction jobsites. See SOBA, p. 27, Part D, No. 6.

27. Employees of Industrial Roofing did not perform any on-site construction work. See SOBA, p. 27, Part D, No. 3.

28. Employees of Industrial Roofing did not operate any construction equipment. See SOBA, p. 27, Part D., No. 4.

> Respectfully submitted,
>
> /s/ Laura B. Bacon
> Laura B. Bacon
> Attorney for Plaintiffs
> Central States, Southeast and
> Southwest Areas Pension Fund
> 9377 W. Higgins Road
> Rosemont, Illinois 60018-4938
> (847)518-9800, Ext. 3704
> ARDC No. 6288982
> lbacon@centralstatesfunds.org