# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, trustee, | ) ) ) | |
| | ) | Case No. 07 C 6829 |
| Plaintiffs, | ) ) | District Judge Andersen |
| v. | ) ) | Magistrate Judge Cox |
| INDUSTRIAL ROOFING COMPANY, INC., an Ohio corporation, and D.A.S. OF YOUNGSTOWN, L.L.C., an Ohio limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | |

## AFFIDAVIT OF ANDREW SPRAU

State of Illinois       )
                        )    SS:
County of Cook          )

I, Andrew Sprau, having been fully sworn upon my oath, depose and state as follows:

1.      I am the Department Manager - Collections at the Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"). I have personal knowledge of the facts set forth below and would be competent to testify as to these facts if called as a witness in this matter.

2.      I am responsible for the Pension Fund's collection of withdrawal liability. If an employer has withdrawn from the Pension Fund, completely or partially, one of my staff

**Exhibit A**

members or I calculate the withdrawal liability due and notify the employer of the assessment in accordance with Section 4219(b)(1) or ERISA, §1399(b)(1).

3.     The Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of 29 U.S.C. §1002(3).

4.     The Pension Fund is administered at its principal place of business in Rosemont, Illinois.

5.     Plaintiff Howard McDougall, Trustee, is a present trustee of the Pension Fund and is a plan sponsor of the Pension Fund within the meaning of 29 U.S.C. §1301(a)(10)(A).

6.     Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee, Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

7.     The files maintained for every employer who has withdrawn from participation in the Pension Fund, including the file for Industrial Roofing Company, an Ohio corporation ("Industrial Roofing"), are under my dominion and control.

8.     Industrial Roofing has at all times relevant been bound by a collective bargaining agreement under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

9.     Industrial Roofing and D.A.S. of Youngstown, L.L.C. ("DAS") and all trades or businesses under common control with them (the "Industrial Controlled Group")

**Exhibit A**

constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C.
§1301(b)(1), and the regulations promulgated thereunder.

10.   The Industrial Controlled Group is the employer for the purposes of the
determination and assessment of withdrawal liability under Title IV of ERISA.

11.   On or about October 29, 2006, Industrial Roofing ceased all covered
operations under the Pension Fund, and/or permanently ceased to have an obligation to
contribute to the Pension Fund, and thereafter, no member of the Industrial Controlled
Group was contributing or obligated to contribute to the Pension Fund.

12.   Therefore, the Industrial Controlled Group effected a "complete withdrawal"
from the Pension Fund within the meaning of Section 4203 of ERISA, 29 U.S.C. §1383.

13.   As a result of this complete withdrawal, the Industrial Controlled Group
incurred withdrawal liability to the Pension Fund in the amount of $29,204.99 as
determined by 29 U.S.C. § 1381(b).

14.   On June 22, 2007, the Pension Fund sent Industrial Roofing a Statement of
Business Affairs ("SOBA") for completion.

15.   On August 10, 2007, the Pension Fund received the SOBA, completed by
Douglas A. Slagle on behalf of Industrial Roofing.  A true and correct copy of the
completed SOBA is attached hereto as Exhibit 1 as is maintained in the Pension Fund's
files in the ordinary and usual course of its business.

16.   On or about August 20, 2007, the Industrial Controlled Group, through
Industrial Roofing, received a notice and demand for payment of withdrawal liability issued
by the Pension Fund in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29
U.S.C. § 1382(2) and 1399(b)(1).  A true and correct copy of the Notice and Demand is

**Exhibit A**

attached hereto as Exhibit 2 as is maintained in the Pension Fund's files in the ordinary and usual course of its business. A true and correct copy of the UPS Delivery confirmation is attached hereto as Exhibit 3.

17.    The notice and attached invoice notified the Industrial Controlled Group that pursuant to Section 4219(c)(5)(B) of ERISA, 29 U.S.C. §1399(c)(5)(B), payment of the entire $29,204.99 was due immediately.

18.    No member of the Industrial Controlled Group timely requested review with respect to the Pension Fund's withdrawal liability determination pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A).

19.    No member of the Industrial Controlled Group timely initiated arbitration with respect to the Pension Fund's withdrawal liability determination pursuant to Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1).

20.    The Industrial Controlled Group has failed to pay its withdrawal liability assessment and is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

21.    Pursuant to 29 U.S.C. § 1132(g)(2), interest is computed and charged at the rate set by the Pension Plan, which computes and charges interest at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by the Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged.

22.    Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to the greater of interest on the delinquent withdrawal liability or liquidated damages of up to 20% of the

**Exhibit A**

delinquent withdrawal liability under the Pension Plan, which provides for liquidated damages in the amount of 20% of the unpaid withdrawal liability payments.

23.    Pursuant to the terms of the Pension Plan, Plaintiffs are entitled to post-judgment interest on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged and shall be compounded annually.

**FURTHER AFFIANT SAYETH NAUGHT**

Andrew Sprau

Subscribed and sworn to before me,
a Notary Public of the State of Illinois,
this 13th day of June , 2008.

Notary Public

> **"OFFICIAL SEAL"**
> **GEORGE O HANSEN**
> **Notary Public, State of Illinois**
> **My Commission Expires 1/21/2009**

**Exhibit A**

# Exhibit 1

STATEMENT OF BUSINESS AFFAIRS
Reporting Business Form

RE:    INVESTIGATION OF POTENTIAL COMPLETE OR PARTIAL WITHDRAWAL
       BILLING NAME:  Industrial Roofing Company, Inc.
       ACCOUNT NO.:  3993910-0109-00377-A
       CONTROL GROUP NO.:  3993910

## COMPLETION OF THIS STATEMENT OF BUSINESS AFFAIRS IS REQUIRED BY LAW

Section 4219(a) of ERISA {29 USC 1399(a)} provides that an employer SHALL FURNISH the information requested in this statement.  Failure to furnish this information within 30 days will subject the employer to penalties authorized by federal law.

\* \* \*   \* \* \*   \* \* \*   \* \* \*   \* \* \*   \* \* \*

### INSTRUCTIONS

The RESPONDENT is the entity to whom the letter which accompanied this Statement of Business Affairs is addressed.

The REPORTING BUSINESS is the entity which reports/reported employee work history to the Fund under the above account number.

If the Respondent is a partnership or corporation, the questions shall be deemed to be addressed to, and shall be answered on behalf of, the partnership or corporation.

Each question should be answered by a responsible individual (e.g.; partner, principal, trustee, officer, etc.) of the Respondent who is authorized to answer such question.  These questions shall be deemed continuing so as to require supplemental responses when and if you obtain further information subsequent to the return of this Statement of Business Affairs.

The failure to answer any question must be explained.  If the correct answer is "Not Applicable" or "None," so indicate.

Your answer to each question should be correct and complete.  Attach copies of documentary evidence in support of your responses.  After due diligence in securing correct and complete answers, this Statement of Business Affairs shall be verified by the responsible individual who is authorized to answer such questions.

Return the completed Statement of Business Affairs with supporting documentary evidence to the Fund at the following address:

Central States, Southeast and Southwest Areas Pension Fund
Withdrawal Liability Department
P. O. Box 5108
Des Plaines, IL. 60017



RECEIVED

AUG 1 0 2007

CONTRACT
DEPARTMENT

**Exhibit 1**

ir 2952910

Attach continuation sheets as needed to complete your responses. Please identify each continuation sheet as follows:

> Attachment to Statement of Business Affairs
> (identify Respondent)
> (identify question(s) being answered)
> (identify date of completion)

A.   IDENTIFICATION OF RESPONDENT.

1.   What is the Respondent's full name and address?

Name: Douglas Allen Slagle

Address: 31 West Hylda Ave

Youngstown Ohio 44507

2.   List any assumed names used by Respondent.

3.   What is Respondent's IRS Employer Identification Number?   *oll*

34-0683972

4.   What is the relationship between Respondent and Reporting Business?

president

5.   What type of business is the Respondent?  Check one.

❑   Sole Proprietorship
❑   Partnership
❑   Limited Partnership
❑   Business Trust
❑   Governmental Unit
❑   Association
☑   Corporation
❑   "S" Corporation
❑   Limited Liability Corporation
❑   Other - Please explain.

**Exhibit 1**

6.    If Respondent is a sole proprietorship, partnership or limited partnership, list the names and addresses of all of the principals of Respondent.

Name:_____

Relationship to Respondent:_____

Address:_____

_____

_____

Name:_____

Relationship to Respondent:_____

Address:_____

_____

_____

7.    If Respondent is a business trust, identify the names and addresses of the trustees for beneficiaries of Respondent.

Name:_____

Relationship to Respondent:_____

Address:_____

_____

_____

Name:_____

Relationship to Respondent:_____

Address:_____

_____

_____

**Exhibit 1**

8.  If Respondent is a corporation, an "S" corporation or a limited liability corporation, complete the following items.

State of Incorporation:_____

Date of Incorporation:___/___/___

State Corporate Identification Number:_____

Identify all persons or entities who own or control 5% or more of the voting and/or non-voting shares of stock.

Shareholder:_____

Address:_____

_____

_____

| Shares Owned/Controlled: | Number | % |
|---|---|---|
| Voting | | |
| Non-Voting | | |

Shareholder:_____

Address:_____

_____

_____

| Shares Owned/Controlled: | Number | % |
|---|---|---|
| Voting | | |
| Non-Voting | | |

Shareholder:_____

Address:_____

_____

_____

| Shares Owned/Controlled: | Number | % |
|---|---|---|
| Voting | | |
| Non-Voting | | |

**Exhibit 1**

9.  Identify all other entities in which Respondent ever held an ownership interest, describe the interest and identify the time period during which Respondent held such interest.

Entity's Name: D.A.S. of Youngstown L.L.C.

Address: 4453 Canfield Road

      Canfield ⱧⱵⱮ Ohio 44406

Entity's IRS Employer Identification Number: 20-0067139

Description of interest:

Percent of ownership 100  Time Period 7-16-03 to present

Entity's Name:

Address:

Entity's IRS Employer Identification Number:

Description of interest:

Percent of ownership: ___  Time Period: ___ to ___

Entity's Name:

Address:

Entity's IRS Employer Identification Number:

Description of interest:

Percent of ownership: ___  Time Period: ___ to ___

**Exhibit 1**

10.  List all other entities which were ever owned or controlled by any parent organization or principals of Respondent, describe the relationship and identify the time period during which the parent or principals held such interest.

Entity's Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Description of relationship/interest:_____

_____

_____

Percent of ownership:___  Time Period:___ to ___

Entity's Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Description of relationship/interest:_____

_____

_____

Percent of ownership:___  Time Period:___ to ___

Entity's Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Description of relationship/interest:_____

_____

_____

Percent of ownership:___  Time Period:___ to ___

**Exhibit 1**

11. Did Respondent or any other entity on behalf of Respondent file a consolidated tax return at any time after September 26, 1980?

Yes: ❏     No: ❏

Identify all entities and each tax period included in each such return.

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Tax Period:_____

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Tax Period:_____

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Tax Period:_____

**Exhibit 1**

12.    Has Respondent along with any other entity allocated or been required to allocate taxable income to the various tax brackets found at 26 USC 11(b)?

Yes: ❑        No: ❑

For each such return, identify the tax period and all entities which were part of the allocation formula.

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Tax Period:_____

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Tax Period:_____

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Tax Period:_____

**Exhibit 1**

13.   List all other account numbers under which Respondent makes or has made contributions to the Fund.

Name:_____

Account No.:_____

Name:_____

Account No.:_____

Name:_____

Account No.:_____

14.   Identify all other entities involved in any merger, consolidation, or reorganization, however affected, with Respondent. Include any division or liquidation into a parent organization.

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Relationship to Respondent:_____

Date:___/___/___ Type of Event:_____

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Relationship to Respondent:_____

Date:___/___/___ Type of Event:_____

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Relationship to Respondent:_____

Date:___/___/___ Type of Event:_____

**Exhibit 1**

15.    Since September 26, 1980, has Respondent been subject to any of the following proceedings under the Bankruptcy Code (11 USC 101, et seq.)?

Chapter 7 Liquidation?                    Yes: ☐        No: ☑

Chapter 9 Adjustment of
   Debts of a Municipality?               Yes: ☐        No: ☒

Chapter 11 Reorganization?                Yes: ☐        No: ☑

Chapter 13 Adjustment of Debts?           Yes: ☐        No: ☑

If you answered "Yes" to any of these questions, attach a copy of the Order for Relief or, if not available, the Petition filed in United States Bankruptcy Court and the confirmed Plan of Reorganization or Repayment.

16.    Since September 26, 1980, has Respondent been subject to any dissolution proceedings under state law, assignment for benefit of creditors (i.e. a transfer in trust of all business assets for the benefit of creditors) or bulk transfer (i.e. any transfer in bulk not in the ordinary course of the transferor's business of a major part of materials, supplies, merchandise or other inventory of the business) under applicable state law or appointment of a receiver under state or federal law?

Yes: ☐        No: ☑

If you answered "Yes" to this question, attach a copy of the Articles (or Certificate) of Dissolution, a copy of the written assignment, or the bulk transfer agreement, or the Court order appointing a receiver, whichever is applicable.

17.    Has Respondent been automatically dissolved under state law by failure to file required reports?

Yes: ☐        No: ☒

If you answered "Yes" to this question, attach a copy of the notification by the appropriate state agency.

**Exhibit 1**

18.    Is Respondent part of a group of trades or businesses under common control within the meaning of ERISA Section 4001(b) [29 USC 1301(b)]?  In determining whether such a relationship exists, refer to Treasury Regulation Section 1.414(c).

Yes: ☐        No: ☐

If you answered "Yes" to this question, identify the entities which are under common control with Respondent.

Related Entity's Name: _____

Address: _____

_____

_____

Employer Identification Number: _____

Related Entity's Name: _____

Address: _____

_____

_____

Employer Identification Number: _____

Related Entity's Name: _____

Address: _____

_____

_____

Employer Identification Number: _____

19.    List the names and account numbers under which the related entities identified in your answer to Question 18 make or have made contributions to the Fund.

Name: _____

Account No.: _____

Name: _____

Account No.: _____

Name: _____

Account No.: _____

**Exhibit 1**

B.    IDENTIFICATION OF REPORTING BUSINESS.  Complete this section ONLY if Respondent IS NOT the Reporting Business.  If Respondent is the Reporting Business, please go directly to Section C on Page 22.

1.    What is the full name and address of the Reporting Business?

Name:_____

Address:_____

_____

_____

2.    List any assumed names used by Reporting Business.

_____

_____

3.    What is the IRS Employer Identification Number of the Reporting Business?

_____

4.    What type of business is the Reporting Business?

❑    Sole Proprietorship
❑    Partnership
❑    Limited Partnership
❑    Business Trust
❑    Governmental Unit
❑    Association
❑    Corporation
❑    "S" Corporation
❑    Limited Liability Corporation
❑    Other - Please explain.

_____

_____

**Exhibit 1**

5.    If Reporting Business is a sole proprietorship, partnership or limited partnership, list
      the names and addresses of all of the principals of Reporting Business.

      Name:_____

      Relationship to Reporting Business:_____

      Address:_____

      _____

      _____

      Name:_____

      Relationship to Reporting Business:_____

      Address:_____

      _____

      _____

6.    If Reporting Business is a business trust, list the names and addresses of the trustees
      for beneficiaries of the Reporting Business.

      Name:_____

      Relationship to Reporting Business:_____

      Address:_____

      _____

      _____

      Name:_____

      Relationship to Reporting Business:_____

      Address:_____

      _____

      _____

**Exhibit 1**

7.  If Reporting Business is a corporation, an "S" corporation or a limited liability corporation, complete the following items.

State of Incorporation:_____

Date of Incorporation:___/___/___

State Corporate Identification Number:_____

Identify all persons or entities who own or control 5% or more of the voting and/or non-voting shares of stock.

Shareholder:_____

Address:_____

_____

_____

| Shares Owned/Controlled: | Number | % |
|---|---|---|
| Voting | ____ | ____ |
| Non-Voting | ____ | ____ |

Shareholder:_____

Address:_____

_____

_____

| Shares Owned/Controlled: | Number | % |
|---|---|---|
| Voting | ____ | ____ |
| Non-Voting | ____ | ____ |

Shareholder:_____

Address:_____

_____

_____

| Shares Owned/Controlled: | Number | % |
|---|---|---|
| Voting | ____ | ____ |
| Non-Voting | ____ | ____ |

**Exhibit 1**

8. Identify all other entities in which Reporting Business ever held an ownership interest, describe the interest and identify the time period during which Reporting Business held such interest.

Entity's Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Description of interest:_____

_____

_____

Percent of ownership:___ Time Period:___ to ___

Entity's Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Description of interest:_____

_____

_____

Percent of ownership:___ Time Period:___ to ___

Entity's Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Description of interest:_____

_____

_____

Percent of ownership:___ Time Period:___ to ___

**Exhibit 1**

9. List all entities which were ever owned or controlled by any parent organization or principals of Reporting Business, describe the relationship and identify the time period during which the parent or principals held such interest.

Entity's Name:_____ _____

Address:_____ _____

_____ _____

_____ _____

Entity's Employer Identification Number:_____

Description of relationship/interest:_____

_____

_____

Percent of ownership:___  Time Period:___ to ___

Entity's Name:_____ _____

Address:_____ _____

_____ _____

_____ _____

Entity's Employer Identification Number:_____

Description of relationship/interest:_____

_____

_____

Percent of ownership:___  Time Period:___ to ___

Entity's Name:_____ _____

Address:_____ _____

_____ _____

_____ _____

Entity's Employer Identification Number:_____

Description of relationship/interest:_____

_____

_____

Percent of ownership:___  Time Period:___ to ___

**Exhibit 1**

10.  Did Reporting Business or any entity on behalf of Reporting Business file a consolidated tax return at any time after September 26, 1980?

Yes: ❏      No: ❏

Identify all entities and each tax period included in each such return.

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Tax Period:_____

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Tax Period:_____

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Tax Period:_____

**Exhibit 1**

11.  Has Reporting Business along with any other entity allocated or been required to allocate taxable income to the various tax brackets found at 26 USC 11(b)?

Yes: ❏      No: ❏

For each such return, identify the tax period and all entities which were part of the allocation formula.

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Tax Period:_____

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Tax Period:_____

12.  List all other names and account numbers under which Reporting Business makes or has made contributions to the Fund.

Name:_____

Account No.:_____

Name:_____

Account No.:_____

Name:_____

Account No.:_____

**Exhibit 1**

13.    Identify all other entities involved in any merger, consolidation, or reorganization, however affected, with Reporting Business. Include any division or liquidation into a parent.

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Relationship to Reporting Business:_____

Date:___/___/___ Type of Event:_____

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Relationship to Reporting Business:_____

Date:___/___/___ Type of Event:_____

Name:_____

Address:_____

_____

_____

Entity's Employer Identification Number:_____

Relationship to Reporting Business:_____

Date:___/___/___ Type of Event:_____

**Exhibit 1**

14.   Since September 26, 1980, has Reporting Business been subject to any of the following proceedings under the Bankruptcy Code (11 USC 101, et seq.)?

Chapter 7 Liquidation?                  Yes: ❑      No: ❑

Chapter 9 Adjustment of
    Debts of Municipality?              Yes: ❑      No: ❑

Chapter 11 Reorganization?              Yes: ❑      No: ❑

Chapter 13 Adjustment of Debts?         Yes: ❑      No: ❑

If you answered "Yes" to any of these questions, attach a copy of the Order for Relief or, if not available, the Petition filed in United States Bankruptcy Court and the confirmed Plan of Reorganization or Repayment.

15.   Since September 26, 1980 has Reporting Business been subject to any dissolution proceedings under state law, assignment for benefit of creditors (i.e. a transfer in trust of all business assets for benefit of creditors) or bulk transfer (i.e. any transfer in bulk not in the ordinary course of the transferor's business or a major part of materials, supplies, merchandise or other inventory of the business) under applicable state law or appointment of a receiver under state or federal law?

Yes: ❑      No: ❑

If you answered "Yes" to this question, attach a copy of the Articles (or Certificate) of Dissolution, a copy of the written assignment, or the bulk transfer agreement, or the Court order appointing a receiver, whichever is applicable.

16.   Has Reporting Business been automatically dissolved under state law for failure to file required reports?

Yes: ❑      No: ❑

If you answered "Yes" to this question, attach a copy of the notification by the appropriate state agency.

**Exhibit 1**

17.    Is Reporting Business part of a group of trades or businesses under common control within the meaning of ERISA Section 4001(b) [29 USC 1301(b)]? In determining whether such a relationship exists, refer to Treasury Regulation 1.414(c).

Yes: ❑     No: ❑

If you answered "Yes" to this question, identify the entities which are under common control with the Reporting Business.

Related Entity Name:_____

Address:_____

_____

_____

Employer Identification Number:_____

Related Entity Name:_____

Address:_____

_____

_____

Employer Identification Number:_____

Related Entity Name:_____

Address:_____

_____

_____

Employer Identification Number:_____

**Exhibit 1**

18.    List the names and account numbers under which the related entities identified in your answer to Question 17 make or have made contributions to the Fund.

Name: _____

Account No.: _____

Name: _____

Account No.: _____

Name: _____

Account No.: _____

C.    CAUSE OF CONTRIBUTION CESSATION/DECREASE.  Complete this section with respect to the account number(s) listed on the front page of this Statement of Business Affairs.

1.    When did Reporting Business stop making contributions to the Fund?

Date: 1 0 / 3 1 / 0 6

2.    When did Reporting Business cease to be obligated to make contributions to the Fund under its collective bargaining agreement?

Date: __ / __ / __

3.    Check the item or items that best describe why Reporting Business ceased making contributions to the Fund.

❑    Employees decertified the union.  Please attach a copy of the NLRB order.

❑    Union waived representation of employees.  Please attach a copy of the waiver.

❑    No collective bargaining agreement - only have one employee.

❑    Hired permanent replacements.

❑    New collective bargaining agreement deleted coverage by Fund.

❑    Employees now covered by another pension plan.  Please state the name and type of replacement plan.

Name: _____

Type: _____

**Exhibit 1**

❏    Rejected collective bargaining agreement in a Chapter 11 bankruptcy. Please identify.

    Case No.: _____

    Case Name: _____

    Location: _____

❏    Last covered employee retired. Please explain. Who is doing the work formerly performed by the covered employees?

    _____

    _____

    _____

❏    Hired leased employees to perform the work.

❏    Moved the work to a different location. Please identify the new location. Are you obligated to make contributions to the Fund for the work at the new location?

    _____

    _____

    _____

☒    Closed a facility. Please explain.

    ❏    Lost the customer. Please identify customer by name and location.

        _____

        _____

    ❏    Consolidated the work with work done at another facility. Please identify the other facility. Are you obligated to make contributions to the Fund for the work at the other facility?

        _____

        _____

        _____

    ☒    Other. Please explain.

        poor economy _____

        _____

        _____

**Exhibit 1**

❏     Completed a construction project.  Please explain.

_____

_____

_____

❏     Seasonal business - season over for the year.  Please explain.

_____

_____

_____

❏     Liquidation or dissolution of Reporting Business.

Type:_____

Entity Liquidated/Dissolved:_____

_____

Liquidation/Dissolution Date:___/___/____

❏     Bankruptcy - Please state the type, date, case number, case name and location.

Type: (Ch. 11, Ch.7, Ch. 13, etc.)_____

Date:___/___/___

Case No.:_____

Case Name:_____

Location:_____

❏     Receiver/trustee appointed.   Please state the name and address of the receiver/trustee.

Name:_____

Address:_____

_____

_____

**Exhibit 1**

❏    Sold stock to new shareholder(s).  Attach a copy of the stock sale agreement.
Please state the name and address of the new shareholder(s).

Name:_____

Address:_____

_____

_____

❏    Sold operating assets.  Attach a copy of the asset sale contract.  Please state
the name and address of the purchaser.  Do the parties to the sale of assets
intend to comply with ERISA Section 4204?

Name:_____

Address:_____

_____

_____

ERISA Section 4204?        Yes: ❏        No: ❏

❏    Sold the business to a related person/entity. Please identify the purchaser and
the relationship between the seller and the purchaser.

Name:_____

Address:_____

_____

_____

Relationship:_____

❏    Employees on strike.  Please answer the following questions.

Are the parties at impasse?      Yes: ❏        No: ❏

What is the Reporting Business' last proposal to the bargaining unit
concerning the continuation of contributions to the Fund?

_____

_____

_____

**Exhibit 1**

Is the Reporting Business still performing the work?

Yes: ☐         No: ☒

Is the work being performed by permanent economic replacements?

Yes: ☐         No: ☒

☐   Contributions suspended during a labor dispute. Please explain the nature of such dispute. Identify the parties to the dispute and the employment status of the affected employees.

_____

_____

_____

When did the parties last meet to negotiate a collective bargaining agreement? __/__/___

When is the next scheduled meeting?__/__/___

What is the status of negotiations?_____

_____

_____

_____

☐   Hired a subcontractor to do the work. Please identify the subcontractor.

Name:_____

Address:_____

_____

_____

Relationship to Reporting Business:_____

☐   Other. Please explain._____

_____

_____

_____

**Exhibit 1**

D.    TYPE OF WORK PERFORMED BY THE BARGAINING UNIT.  Please limit your responses to the employees for whom Reporting Business made contributions to the Fund.

1.    What is the principal product made or service performed by the employees of Reporting Business?

delivering material and equipment to job sites

2.    Does such principal product or service involve any building materials (e.g. ready mix concrete, aggregate, etc.)?  If yes, what did the employees do with them?

no

3.    Did the employees perform any on-site construction work?

no

4.    Did the employees operate any construction equipment?

no

5.    Did the employees transport construction materials and/or equipment between Reporting Business' place of business and construction jobsites?

yes

6.    Specify the proportion of time the employees spent in each of the activities described in your answers to Questions 1 to 5 of this section.  Please specify the type of activity, the proportion of time spent in that activity and the basis of your estimate.

#5 100%

**Exhibit 1**

7.  What proportion of Reporting Business' total income is derived from each of the activities described in your answers to Questions 1 to 5 of this section. Please specify by activity.

0 _____

_____

_____

8.  What proportion of Respondent's total income is derived from each of the activities described in your answers to Questions 1 to 5 of this section. Please specify by activity.

0 _____

_____

E.  CERTIFICATION OF STATEMENT OF BUSINESS AFFAIRS. By signing this Statement of Business Affairs, I certify that I have the authority to answer this questionnaire on behalf of Respondent, and that the Statement of Business Affairs, with its attachments, were prepared under my supervision after diligent inquiry, and are true and correct to the best of my knowledge and belief.

Signature: _____    Date: 7/31/07

Printed Name: Douglas A. Slagle    Phone 330-782-8197

Title: president

Address: 31 West Hylda Ave.

Youngstown Ohio 44507

Subscribed and sworn to before me at Youngstown ,

State of Ohio , this 31 day of July , 2007

Notary Public: Elizabeth K. Sitnick

County: MAHONING

My Commission Expires: 9-18-2010

**RECEIVED**

AUG 1 0 2007

**CONTRACT DEPARTMENT**

ELIZABETH K. SITNICK, Notary Public
State of Ohio
My Commission Expires September 18, 2010

**Exhibit 1**

# Exhibit 2



**CENTRAL STATES
SOUTHEAST AND
SOUTHWEST AREAS
PENSION FUND**

EMPLOYEE TRUSTEES
FRED GEGARE
JERRY YOUNGER
GEORGE J. WESTLEY
CHARLES A. WHOBREY

EMPLOYER TRUSTEES
HOWARD McDOUGALL
ARTHUR H. BUNTE, JR
TOM J. VENTURA
GARY F. CALDWELL

EXECUTIVE DIRECTOR
THOMAS C. NYHAN

August 16, 2007

**VIA UPS NEXT DAY DELIVERY**
#1Z 395 1X9 22 1011 0769

Mr. Douglas A. Slagle
President
Industrial Roofing Company
31 West Hylda Ave.
Youngstown, OH  44507

RE:  NOTICE AND DEMAND FOR PAYMENT OF WITHDRAWAL LIABILITY
     INDUSTRIAL ROOFING COMPANY, INC.
     ASSESSMENT NO.: 3993910-WL070155-01
     WITHDRAWN ACCOUNT NO.: 3993910-0109

Dear Mr. Slagle:

This is a demand for payment of withdrawal liability incurred as a result of a permanent cessation of contributions to Central States, Southeast and Southwest Areas Pension Fund (the "Fund") by the above captioned business on behalf of some, or all, of its bargaining unit employees.  This demand is made pursuant to Section 4219 of the Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. 1399 (b)), and applies equally to all members of any controlled group of trades or businesses, as defined in Section 414(c) of the Internal Revenue Code, of which the above captioned business is a member.

The total amount of such withdrawal liability is $29,204.99.

Please make your check payable to Central States Southeast and Southwest Areas Pension Fund (please write the assessment number on your check) and forward it to the address as follows:

CENTRAL STATES WITHDRAWAL LIABILITY
Department 10291
Palatine, Illinois 60055-0291

If you would prefer to utilize Electronic Funds Transfer ("Wire Transfer"), the following is the Fund's account information:

Mellon Bank, N.A.
American Banking Association Number: 043-000-261
Account No. 093-2289
Beneficiary: Central States Pension Fund

Mr. Douglas A. Slagle
August 16, 2007
Page Two

In light of the shutdown of Industrial Roofing, Inc., the Pension Fund believes that there is substantial likelihood that the employer will be unable to pay its withdrawal liability. Therefore, pursuant to ERISA Section 4219(c)(5)(B) and Appendix E, Section 5(e)(2)(E) of the Pension Plan, the Pension Fund demands immediate payment of the entire amount due.

Enclosed herewith are documents as follows:

    1.    A copy of the withdrawal liability calculation;

    2.    A remittance notice to be included with your payment; and

    4.    A copy of the Fund's procedure governing review of any items relating to the determination and calculation of withdrawal liability, the minimum required payment schedule, and the resolution of disputes regarding withdrawal liability.

Sincerely,

Andrew Sprau
Department Manager
Collections

AS:lg-notice and demand letter
Enclosure

**Exhibit 2**

# Exhibit 3



⊠Close Window

# Tracking Detail

**Your package has been delivered.**

| | |
|---|---|
| Tracking Number: | 1Z 395 1X9 22 1011 076 9 |
| Type: | Package |
| Status: | **Delivered** |
| Delivered On: | 08/20/2007 10:17 A.M. |
| Signed By: | GRAFFIUS |
| Location: | FRONT DESK |
| Delivered To: | YOUNGSTOWN, OH, US |
| Shipped/Billed On: | 08/16/2007 |
| Service: | NEXT DAY AIR |

## Package Progress

| Location | Date | Local Time | Description |
|---|---|---|---|
| GIRARD, OH, US | 08/20/2007 | 10:17 A.M. | DELIVERY |
| GIRARD, OH, US | 08/17/2007 | 10:16 A.M. | THE RECEIVER WAS UNAVAILABLE TO SIGN ON THE 1ST DELIVERY ATTEMPT. A 2ND DELIVERY ATTEMPT WILL BE MADE |
| | 08/17/2007 | 8:13 A.M. | OUT FOR DELIVERY |
| | 08/17/2007 | 7:50 A.M. | ARRIVAL SCAN |
| CLEVELAND, OH, US | 08/17/2007 | 7:02 A.M. | DEPARTURE SCAN |
| | 08/17/2007 | 6:24 A.M. | DEPARTURE SCAN |
| | 08/17/2007 | 4:51 A.M. | ARRIVAL SCAN |
| ROCKFORD, IL, US | 08/17/2007 | 3:02 A.M. | DEPARTURE SCAN |
| ROCKFORD, IL, US | 08/16/2007 | 11:42 P.M. | ARRIVAL SCAN |
| NORTHBROOK, IL, US | 08/16/2007 | 9:58 P.M. | DEPARTURE SCAN |
| | 08/16/2007 | 9:06 P.M. | ORIGIN SCAN |
| | 08/16/2007 | 6:16 P.M. | PICKUP SCAN |
| US | 08/16/2007 | 8:00 P.M. | BILLING INFORMATION RECEIVED |

Tracking results provided by UPS: 08/21/2007 7:56 A.M. ET

**NOTICE:** UPS authorizes you to use UPS tracking systems solely to track shipments tendered by or for you to UPS for delivery and for no other purpose. Any other use of UPS tracking systems and information is strictly prohibited.

**Exhibit 3**