# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD McDOUGALL, trustee, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. 1:07-cv-06829 |
| INDUSTRIAL ROOFING COMPANY, INC., an Ohio corporation, and D.A.S. OF YOUNGSTOWN, L.L.C., an Ohio limited liability company, | ) ) ) ) ) ) | District Judge Andersen<br><br>Magistrate Judge Cox |
| Defendants. | ) | |

## ANSWER

Defendants, Industrial Roofing Company, Inc. and D.A.S. of Youngstown, L.L.C., by their undersigned attorney, hereby answer the Complaint of Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall.

### RESPONSES TO PLAINTIFF'S ALLEGATIONS

Defendants respond to the allegations contained in Plaintiffs' Complaint as follows:

1. This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

**Response:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

2. This action arises under the Employee Retirement Income Security Act of 1980 ("MPPAA"), 29 U.S.C. §1001 et seq. (1982). This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§1132(e), 1132(f) and 1451(c).

**Exhibit B**

**Response:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business in Rosemont, Illinois. Also, venue is proper under the terms of the Pension Fund Agreement.

**Response:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§1002(37) and 1301(a)(3).

**Response:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

5. Plaintiff Howard McDougall is a trustee and fiduciary of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. §1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois, 60018.

**Response:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

6. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee, Howard McDougall, are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting withdrawal liability.

**Exhibit B**

**Response:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the foregoing paragraph.

7.   Industrial is an Ohio corporation.

**Response:** Defendants admit the allegations contained in the foregoing paragraph.

8.   DAS is an Ohio limited liability company.

**Response:** Defendants admit the allegations contained in the foregoing paragraph.

9.   During all times relevant, Industrial was subject to collective bargaining agreements under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

**Response:** Defendants admit the allegations contained in the foregoing paragraph.

10.  Upon information and belief, as of October 29, 2006, Douglas A. Slagle owned at least 80% of the total combined voting power of all classes of stock of Industrial entitled to vote and/or at least 80% of the total value of shares of all classes of stock of Industrial.

**Response:** Defendants admit the allegations contained in the foregoing paragraph.

11.  Upon information and belief, as of October 29, 2006, Douglas A. Slagle owned at least 80% of the total combined voting power of all classes of stock of DAS entitled to vote and/or at least 80% of the total value of shares of all classes of stock.

**Response:** Defendants admit the allegations contained in the foregoing paragraph.

12.  Industrial and DAS, and all trades or businesses under common control with them (the "Industrial Controlled Group") constitute a single employer within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), and the regulations promulgated thereunder.

**Response:** Defendants deny the allegations contained in the foregoing paragraph.

**Exhibit B**

13.     The Industrial Controlled Group is the employer for the purposes of the determination and assessment of withdrawal liability under Title IV of ERISA.

**Response:** Defendants deny the allegations contained in the foregoing paragraph.

14.     The Pension Fund determined that on or about October 29, 2006, Industrial permanently ceased all covered operations under the Pension Fund, and/or permanently ceased to have an obligation to contribute to the Pension Fund, and thereafter, no member of the Industrial Controlled Group was contributing or obligated to contribute to the Pension Fund.

**Response:** Defendants deny the allegations contained in the foregoing paragraph.

15.     Therefore, the Pension Fund determined that the Industrial Controlled Group effected a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. §1383.

**Response:** Defendants deny the allegations contained in the foregoing paragraph.

16.     On or about August 20, 2007, the Industrial Controlled Group, through Industrial, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382(2) and 1399(b)(1). The notice and attached invoice notified the employer that its total withdrawal liability was $29,204.99.

**Response:** Defendants admit only that Industrial Roofing Company, Inc. received a notice purporting to be a demand for payment of withdrawal liability in the amount alleged. Defendants deny the remaining allegations contained in the foregoing paragraph.

17.     The notice also notified the employer that pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. §1399(c)(5)(B), payment of the entire $29,204.99 was due immediately.

**Exhibit B**

**Response:** Defendants admit only that Industrial Roofing Company, Inc. received a notice purporting to demand payment of the alleged amount immediately. Defendants deny the remaining allegations contained in the foregoing paragraph.

18. No member of the Industrial Controlled Group timely requested review with respect to the Pension Fund's withdrawal liability determination pursuant to section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A).

**Response:** Defendants admit only that no review was requested with respect to Plaintiffs' alleged determination of withdrawal liability. Defendants deny the remaining allegations contained in the foregoing paragraph.

19. No member of the Industrial Controlled Group timely initiated arbitration with respect to the Pension Fund's withdrawal liability determination pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. §1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. §1401(b)(1).

**Response:** Defendants admit only that no arbitration was initiated with respect to Plaintiffs' alleged determination of withdrawal liability. Defendants deny the remaining allegations contained in the foregoing paragraph.

20. The Industrial Controlled Group has failed to pay its withdrawal liability assessment and is in default within the meaning of section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

**Response:** Defendants admit only that no amount has been paid to Plaintiffs. Defendants deny the remaining allegations contained in the foregoing paragraph.

**Exhibit B**

**AFFIRMATIVE DEFENSE**

As an affirmative defense to Plaintiff's Complaint, Defendants allege the following:

1. Defendants Industrial Roofing Company, Inc. and/or D.A.S of Youngstown, L.L.C. is and/or are "construction industry employers" under § 4203 of ERISA, 29 USC § 1383(b).

2. Defendants have ceased performing work in the jurisdiction of the collective bargaining agreement of the type for which contributions were previously required, and have not resumed such work.

3. Therefore, there has not been a withdrawal under ERISA, and no withdrawal liability has been incurred by Defendants.

WHEREFORE, Defendants, Industrial Roofing Company, Inc. and D.A.S. of Youngstown, L.L.C., pray that the Complaint against them be dismissed, for their costs, including attorneys fees, and for such other and further relief as this Court may deem appropriate.

Dated: January 23, 2008.          Respectfully submitted,

                                  s/Christopher A. Wadley
                                  Edward P. Gibbons (Bar No. 6201189)
                                  Christopher A. Wadley (Bar No. 6278651)
                                  WALKER WILCOX MATOUSEK LLP
                                  225 West Washington Street, Suite 2400
                                  Chicago, Illinois 60606
                                  Telephone: (312) 244-6700
                                  Facsimile: (312) 244-6800
                                  E-mail: egibbons@wwmlawyers.com
                                          cwadley@wwmlawyers.com

**Exhibit B**